# PROVIDENCE COUNTY.

WILLIAM H. PERRY *vs.* THE MOUNT HOPE IRON COMPANY.

In action by the vendor on a contract for the sale of thirty to forty tons of nut and bolt shop scrap iron :

*Held,* that the tender of fifty three tons was not a tender in accordance with the contract, and that the vendee was not obliged to select the proper amount from the amount tendered.

DEFENDANT'S petition for a new trial.

This is the same case in which a new trial was granted by the decision reported, 15 R. I. 380. The new trial resulted in a verdict for the plaintiff and the defendant filed this petition.

*July* 17, 1888. PER CURIAM. The contract, for the breach of which this action was brought, was entered into in manner following, to wit: The plaintiff offered the defendant some nut and bolt shop scraps, saying that he had thirty or forty tons to sell. The defendant offered to give eighty seven and one half cents per hundred weight if the plaintiff would deliver it on the defendant's wharf. This offer of the defendant was accepted the next day. The plaintiff carried to the defendant's wharf a cargo containing fifty three and seventeen twentieths tons and tendered it to the defendant. The defendant refused to accept it on the ground that it was not the kind contracted for. At the trial the defendant

also took the objection that a tender of fifty three and seventeen twentieths tons was not a tender in fulfilment of a contract for thirty or forty tons. The jury returned a verdict for the plaintiff, and the defendant now moves for a new trial, one of the grounds of the motion being that the verdict is against the evidence in this respect.

We think the defendant is entitled to a new trial. The contract for the sale of thirty or forty tons would naturally be understood to mean a contract for between thirty and forty tons, or, at most, for a quantity not much exceeding forty tons. Fifty three tons is so much more than forty tons that we do not think that the jury were warranted in finding that the defendant agreed to purchase that amount. The cases cited for the defendant show that as a general rule the buyer is entitled to refuse the whole of the goods' tendered if they exceed the quantity agreed on, and the vendor has no right to insist upon the buyer's acceptance of all, or upon the buyer's selecting out of a larger quantity delivered. *Dixon* v. *Fletcher*, 3 M. & W. 146 ; *Hart* v. *Mills*, 15 M. & W. 85 ; *Cunliffe* v. *Harrison*, 6 Exch. Rep. 903 ; *Levy* v. *Green*, 1 El. & E. 969 ; *Rylands* v. *Kreitman*, 19 C. B. N. S. 351 ; *Rommel* v. *Wingate*, 103 Mass. 327 ; *Croninger et al.* v. *Crocker*, 62 N. Y. 151 ; Benjamin on Sales, 2 Amer. ed. § 689. The defendant cannot be held to have waived the objection to the cargo by not making it when the goods were tendered. *Levy* v. *Green*, 1 El. & E. 969.                              *Petition granted.*

*Lemuel H. Foster*, for plaintiff.

*Augustus S. Miller & Arthur L. Brown*, for defendant.